UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LINET D. FERRER, for herself
and on behalf of others similarly situated,

      Plaintiff (s),

v.

T K PROMOTIONS, INC.
d/b/a BT'S GENTLEMEN'S CLUB
GREGG BERGER and MIKE BERGER,
Individually,

      Defendants,

_____/

## **COMPLAINT**

### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Linet D. Ferrer for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants T K Promotions, Inc., d/b/a/ BT'S Gentlemen's Club, Gregg Berger, and Mike Berger, individually, and alleges:

### INTRODUCTION

1.  Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2.  This case involves the adult entertainment club named BT'S Gentlemen's Club, owned and operated by Defendants Gregg Berger and Mike Berger.

3.  Plaintiff is an exotic dancer, and she contends that Defendants violated the Fair Labor Standards Act by misclassifying her and other similarly situated individuals as independent contractors. Due to Defendants' improper classification, Plaintiff and other similarly

situated individuals did not receive minimum wages, overtime compensation, as required by the by the Fair Labor Standards Act, and other important employees' protection such as unemployment benefits and Workers compensation.

4. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger intentionally misclassified Plaintiff and other similarly situated exotic dancers as independent contractors, with the purpose of evading the mandatory minimum wage and overtime provisions of the FLSA.

5. Plaintiff and other similarly situated were employees of Defendants working 40 hours or more per week, but their only compensation was tips received from the club's clients. Defendants paid nothing to Plaintiff and all other dancers.

6. On the contrary, Plaintiff and other dancers not only had to give money to the employers for the privilege of dancing, but they had to distribute their tips between managers, bouncers, DJs, and other employees. Basically, Defendants imposed the costs of running the business on Plaintiff and other similarly situated dancers.

7. Defendants' conduct violates the overtime requirements of the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. See 29 U.S.C. §207 (a).

8. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C.§203 (m) violates the minimum wage provisions of the FLSA, as does the practice of distributing Plaintiff's tips to non-tipped employees, including managers.

9. Plaintiff brings this collective action under the FLSA to recover compensation and damages owed to her and all other similarly situated employees, current and former employees of BT'S Gentlemen's Club, Gregg Berger, and Mike Berger, any time during the three-year period before this suit was filed up, to the present (the "FLSA Collective Class Members").  These

FLSA Collective Class Members should be informed of the pendency of this action and explained about their rights to join the present lawsuit.

JURISDICTION AND VENUES

10. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and 28 U.S.C. 1331.

11. The venue is proper in this Court because all the actions raised in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

PARTIES

12. At all times material to this action, Plaintiff Linet D. Ferrer is a resident of Dade County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

13. At all times material to this action, Defendant T K Promotions, Inc., d/b/a/BT'S Gentlemen's Club (hereinafter BT'S Gentlemen's Club) Defendant) was and continues to be a Florida Profit Corporation. Defendant has a place of business in Miami, Florida. At all times, Defendant was engaged in interstate commerce.

14. At all times, the individual Defendants Gregg Berger and Mike Berger are the owners/partners and officers of BT'S Gentlemen's Club. The individual Defendants Gregg Berger and Mike Berger had operational control of the business, and they are the employers of Plaintiff within the meaning of 29 U.S.C. § 203(d)].

15. All the actions raised in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

GENERAL ALLEGATIONS

16. This cause of action is brought by Plaintiff Linet D. Ferrer as a collective action to recover from the Defendants minimum wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("The Collective Class members") and who worked over forty (40) hours during one or more weeks on or after March 2018, (the "relevant time") without being adequately compensated.

17. At all times material to this action, Plaintiff and other similarly situated were engaged in commerce within the meaning of §206 and §207 of the FLSA.

18. At all times material to this action, Plaintiff and other similarly situated were employees of Defendant within the meaning of §203 of the FLSA.

19. At all times material to this action, Defendants were Plaintiff's employer, within the meaning of §203 of the FLSA.

20. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger were and continues to be employers within the meaning of the FLSA.

21. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is an adult entertainment club that sells alcoholic beverages to the public and affects interstate commerce through its business activity. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize

credit card transactions. Defendant BT'S Gentlemen's Club advertises and promotes its business on the internet and sells its merchandise across state lines.  At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA individual coverage.

22. At all times material to this action, Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly situated worked as exotic dancers, and through their daily activities, they regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce. Therefore, there is FLSA individual coverage.

23. At all times material to this action, Plaintiff's work was essential to the business performed by Defendant.

24. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

<u>STATEMENT OF FACTS</u>

25. This cause of action is brought by Plaintiff LINET D. FERRER and DERECK S. DUMONT and as a collective action to recover from the Defendant minimum wages, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the collective class members") and who worked over forty (40) hours during one or more weeks on or after March 2018, (the "relevant time") without being adequately compensated.

26. Defendant BT'S Gentlemen's Club is an adult entertainment club located at 5922 S. Dixie Highway, South Miami, Florida 33143, where Plaintiff and other similarly situated individuals worked.

27. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger employed Plaintiff Linet D. Ferrer from approximately April 2015 to April 15, 2019, or 4 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 58 weeks. Plaintiff was hired as an exotic dancer.

28. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger have a common pay policy and pay practice which violates the FLSA requirements of paying minimum wages and overtime compensation for every hour in excess of 40 within a week.

29. During her employment with Defendants, Plaintiff Linet D. Ferrer and the FLSA Collective Class Members were wrongly classified as "Independent Contractors."  However, Plaintiff and the FLSA Collective Class Members were employees of Defendants under the FLSA and IRS regulations.

30. Plaintiff was an employee/dancer of BT'S Gentlemen's Club, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular schedule. Plaintiff reported to work every day at 8:30 PM, and finished her shift at 5:00 AM; 2) Plaintiff worked for BT'S Gentlemen's Club consistently 42.5 and 51 hours weekly for more than four years, or 66 relevant weeks; 3) Plaintiff depended exclusively on her employment with BT'S Gentlemen's Club, and she did not have any other job during her period of employment with Defendant; 4) BT'S Gentlemen's Club had absolute control over Plaintiff's hours of work, they provided Plaintiff with her work schedule; 5) BT'S Gentlemen's Club controlled the details of the dancer's jobs, including setting the prices to

charge customers for dances and imposing rules and practices on how to interact with the club's customers; 6) BT'S Gentlemen's Club controlled the dancers' appearance regarding attires and makeup. Plaintiff was forced to buy certain items and outfits from the Defendants; 7) Due to the business's nature, BT'S Gentlemen's Club monitored dancers closely, demanding strict compliance with the schedule. Dancers were penalized if they had to leave early for any reason; 8) Plaintiff did not have any discretion to perform her work assignments or authority to refuse them; 9) The work performed by Plaintiff was an integral part of the Defendant's business; 10) Plaintiff performed her work exclusively for Defendant's customers; 11) dancer were disciplined if they did not follow the club's rules; 12)

31. By reason of the foregoing, Plaintiff Linet D. Ferrer and other similarly situated dancers were employees of BT'S Gentlemen's Club, within the meaning of 29 U.S.C. § 203(e)(1). Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

32. While employed by Defendants, Plaintiff reported to work every day at 8:30 PM and finished her shift at 5:00 AM. Every month Plaintiff worked two weeks of 5 days with a total of 42.5 working hours and two weeks of 6 days with a total of 51 working hours.

33. Plaintiff regularly worked 42.5 and 51 hours per week. However, due to Defendants' misclassification as an independent contractor, Plaintiff and the FLSA Collective Class Members did not receive any compensation whatsoever for any hours worked at the club, in violation of the FLSA.

34. Defendants failed to pay Plaintiff and the FLSA Collective Class Members minimum wages and overtime hours. Plaintiff and the FLSA Collective Class Members were compensated exclusively by tips from BT'S Gentlemen's Club's customers.

35. Furthermore, to aggravate Defendants' FLSA violation, BT'S Gentlemen's Club actually forced Plaintiff and the FLSA Collective Class Members to pay BT'S Gentlemen's Club, Gregg Berger, and Mike Berger to perform their work.

36. For example, Defendants required Plaintiff and the FLSA Collective Class Members to pay $45.00 daily of "house fees". Plaintiff and the FLSA Collective Class Members had to tip out certain employees at the end of their shift, including but not limited to managers, house moms, bouncers, DJ etc. Plaintiff suffered a deduction of approximately $906.00 in weeks of 6 days of work and $755.00 in weeks of 5 days of work.

37. BT'S Gentlemen's Club, Gregg Berger, and Mike Berger implemented an independent contractor structure, so they do not have to pay their core employees (exotic dancers) any wages at all, and forcing them to pay other workers, and BT'S Gentlemen's Club's overhead expenses out of Plaintiff and the FLSA Collective Class Members' own tips.

38. Plaintiff Linet D. Ferrer and the FLSA Collective Class Members were victims of Defendants' common policy and practices which enabled them to violate the minimum wage and overtime provisions of the Fair Labor Standards Act.

39. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff and other similarly situated individuals.

40. Plaintiff Linet D. Ferrer and the FLSA Collective Class Members seek to recover unpaid minimum and overtime wages, accumulated during the relevant period of employment, the

reimbursement of house fees, and all the tips that they were forced to pay to managers, bouncers, house moms, and other employees of Defendants, as well as liquidated damages, and any other relief as allowable by law.

<u>COLLECTIVE ALLEGATIONS</u>

41. Plaintiff Linet D. Ferrer and the FLSA Collective Class Members, or the putative collective class members, were all "exotic dancers", and they performed the same or similar job duties as one another, in that they dance and entertained BT'S Gentlemen's Club's customers.

42. Plaintiff and the putative FLSA Collective Class Members were subjected to the same pay provisions, and they were not compensated for minimum wages and overtime hours for all hours worked because of Defendant's common policies and practices, including but not limited to the following:

   a. Plaintiff and the FLSA Collective Class Members were misclassified as "Independent contractors."

   b. Plaintiff and the FLSA Collective Class Members were regular employees of Defendants working more than 40 hours weekly.

   c. Plaintiff and the FLSA Collective Class Members did not receive minimum wages for every hour worked as required by the FLSA.

   d. The plaintiff and the FLSA Collective Class Members did not receive overtime compensation for hours worked in excess of 40 in a week.

   e. Plaintiff and the FLSA Collective Class Members were required to pay House-fees for every day of work.

   f. Plaintiff and the FLSA Collective Class Members were forced to tip out other employees, including but not limited to managers.

g.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516, and did not maintain accurate employee time and payment records.

h.  Defendant failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

43. Defendant's uniform payment method to Plaintiff and the FLSA Collective Class Members resulted in a violation of the FLSA minimum wages and overtime payment requirements.

44. These policies and practices were applied to Plaintiff and the FLSA Collective Class Members.

45. Therefore, the FLSA Collective Class Members are properly defined as:

1.  **All exotic dancers who worked, and for Defendants at BT'S Gentlemen's Club, located at 5922 S, Dixie Highway, South Miami, Florida 33143, at any time from March 2018, to the present, and who:**

2.  **Who regularly performed for BT'S Gentlemen's Club and received no wages for this work?**

3.  **Who worked in excess of forty (40) hours every week and were not paid proper overtime payment, at the rate of time and one-half her regular rate for all hours worked in excess of forty (40) every week.**

4.  **Who worked at BT'S Gentlemen's Club and received only tips for their work.**

5.  **Who were required to pay House fees and tip out other BT'S Gentlemen's Club's employees, including managers.**

46. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages to Plaintiff Linet D. Ferrer and the FLSA Collective Class Members, or the putative collective class members.

## COUNT I:

**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;**
**AS TO PLAINTIFF LINET D. FERRER**

47. Plaintiff Linet D. Ferrer re-adopts every factual allegation stated in paragraphs 1-46 above as if set out in full herein.

48. This action is brought by Plaintiff Linet D. Ferrer and the FLSA Collective Class Members to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

49. Defendant BT'S Gentlemen's Club was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Upon information and belief, the annual gross revenue of the Employers/Defendants was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce.  Therefore, there is FLSA individual coverage.

51. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger employed Plaintiff Linet D. Ferrer from approximately April 2015 to April 15, 2019, or 4 years. However, for

FLSA purposes, Plaintiff's relevant period of employment is 58 weeks. Plaintiff was hired as an exotic dancer.

52. During her time of employment with Defendants, Plaintiff Linet D. Ferrer and the FLSA Collective Class Members were wrongly classified as "Independent Contractors." However, Plaintiff and the FLSA Collective Class Members were Defendants' employees under the FLSA and IRS regulations.

53. Plaintiff Linet D. Ferrer and other similarly situated dancers were employees of BT'S Gentlemen's Club, within the meaning of 29 U.S.C. § 203(e)(1). Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger were Plaintiff's employers within the meaning of 29 U.S.C. § 203 (d). Defendants were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

54. While employed by Defendants, Plaintiff worked every month two weeks of 5 days with a total of 42.5 working hours, and two weeks of 6 days with a total of 51 working hours.

55. Plaintiff regularly worked 42.5 and 51 hours per week.  However, Defendants misclassified Plaintiff and all other similarly situated individuals as independent contractors. Plaintiff and the FLSA Collective Class Members did not receive any compensation whatsoever for any hours worked at the club, including overtime hours, in violation of the FLSA.

56. Defendants failed to pay Plaintiff and the FLSA Collective Class Members minimum wages and overtime hours. Plaintiff and the FLSA Collective Class Members were compensated exclusively by tips from BT'S Gentlemen's Club's customers.

57. Furthermore, to aggravate Defendants' FLSA violation, BT'S Gentlemen's Club, Gregg Berger, and Mike Berger actually forced Plaintiff and the FLSA Collective Class Members to pay BT'S Gentlemen's Club to perform their work.

58. For example, Defendants required Plaintiff and the FLSA Collective Class Members to pay $45.00 daily of "house fees."  Plaintiff and the FLSA Collective Class Members had to tip out certain employees at the end of their shift, including but not limited to managers, house moms, bouncers, DJ, etc.  Plaintiff suffered a deduction of approximately $906.00 in weeks of 6 days of work and $755.00 in weeks of 5 days of work.

59. Plaintiff did not clock in and out, but she signed timesheets, and Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

60. Therefore, during the relevant period, Defendants willfully misclassified Plaintiff and other similarly situated individuals and failed to pay her overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

61. The records, if any, concerning the number of hours worked by Plaintiff Linet D. Ferrer and all others similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class, upon information and belief.

62. Defendants violated the record-keeping requirements of F.L.S.A., 29 C.F.R. Part 516.

63. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

64. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the overtime hours is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage rate. As per FLSA regulations, the higher minimum wage applies.

a.   <u>Total amount of alleged unpaid wages</u>:

Four Thousand Eight Hundred Seventy-Eight Dollars and 21/100 ($4,878.21)

b.   <u>Calculation of such wages</u>:

Total time of employment: 4 years
Total relevant weeks of employment: 58 weeks

**1.- Overtime 2018, 43 weeks**

Total relevant weeks: 43 weeks
Florida minimum wage 2018: $8.25 x 1.5= $12.38
O/T rate:  $12.38

i.   Overtime for 21.5 weeks of 5 days of work

Total relevant weeks: 21.5 weeks
Total hours worked:  42.5 hours weekly
Total unpaid O/T hours: 2.5 hours weekly
O/T rate:  $12.38

O/T rate $12.38 x 2.5 O/T hours = $30.95 weekly x 21.5 weeks5.43

ii.   Overtime for 21.5 weeks of 6 days of work

Total relevant weeks: 21.5 weeks
Total hours worked:  51 hours weekly
Total unpaid O/T hours: 11 hours weekly
O/T rate:  $12.38

O/T rate $12.38 x 11 O/T hours = $136.18 weekly x 21.5 weeks= $2,927.87

**2.- Overtime 2019, 15 weeks**

Total relevant weeks: 15 weeks
Florida minimum wage 2019: $8.46 x 1.5= $12.69
O/T rate:  $12.69

i.   Overtime for 7.5 weeks of 5 days of work

Total relevant weeks: 21.5 weeks
Total hours worked: 42.5 hours weekly
Total unpaid O/T hours: 2.5 hours weekly
O/T rate: $12.69

O/T rate $12.69 x 2.5 O/T hours = $31.73 weekly x 7.5 weeks= $237.98

   ii.   Overtime for 7.5 weeks of 6 days of work

Total relevant weeks: 7.5 weeks
Total hours worked: 51 hours weekly
Total unpaid O/T hours: 11 hours weekly
O/T rate: $12.38

O/T rate $12.69 x 11 O/T hours = $139.59 weekly x 7.5 weeks= $1,046.93

Total # 1, and # 2: $4,878.21

  c.  <u>Nature of wages:</u>

This amount represents unpaid overtime based on the Florida minimum wage rate.

65. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

66. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

67. At times mentioned, individual Defendants Gregg Berger, and Mike Berger were the owners/partners, and managers of BT'S Gentlemen's Club. These individual Defendants

were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, the individual Defendants acted directly in the interests of BT'S Gentlemen's Club concerning its employees, including Plaintiff and others similarly situated.  Defendants Gregg Berger and Mike Berger had financial and operational control of the corporation, determined terms, working conditions of Plaintiff and other similarly situated employees.  Defendants Gregg Berger and Mike Berger are jointly and severally liable for Plaintiff's damages.

68. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger willfully and intentionally misclassified Plaintiff as an Independent Contractor and refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

69. Plaintiff seeks to recover her unpaid overtime wages accumulated during her employment with Defendants as allowable by law.

70. Plaintiff Linet D. Ferrer for herself and on behalf of other similarly situated individuals has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Linet D. Ferrer and those similarly situated respectfully requests that this Honorable Court:

A.  An order conditionally certifying this action as a collective action.

B.  Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful.

C.   Requiring Defendant to provide the names and current (or best known) mailing and e-mail addresses of similarly situated individuals.

D.   Authorizing Notice of this collective action, or that the Court issue such Notice to all similarly situated individuals informing them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

E.   Enter judgment for Plaintiff Linet D. Ferrer and other similarly situated individuals and against the Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

F.   Award Plaintiff Linet D. Ferrer actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest: and

G.   Award Plaintiff an equal amount in double damages/liquidated damages; and

H.   Award Plaintiff reasonable attorneys' fees and costs of suit; and

I.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff Linet D. Ferrer and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS;**
**AS TO PLAINTIFF LINET D. FERRER**

71. Plaintiff Linet D. Ferrer re-adopts every factual allegation as stated in paragraphs 1-46 of this complaint as if set out in full herein.

72. This action is brought by Plaintiff for herself and on behalf of those similarly situated (the FLSA Collective Class Members) to recover from the Employers BT'S Gentlemen's Club, Gregg Berger, and Mike Berger unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

73. Defendant BT'S Gentlemen's Club was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Upon information and belief, the annual gross revenue of the Employers/Defendants was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

74. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce.  Therefore, there is FLSA individual coverage.

75. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

76. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

77. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger employed Plaintiff Linet D. Ferrer from approximately April 2015 to April 15, 2019, or 4 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 58 weeks. Plaintiff was hired as an exotic dancer.

78. Plaintiff Linet D. Ferrer and the FLSA Collective Class Members were wrongly classified as "Independent Contractors during her employment with Defendants."  However, Plaintiff and the FLSA Collective Class Members were employees of Defendants under the FLSA and IRS regulations.

79. While employed by Defendants, Plaintiff reported to work every day at 8:30 PM and finished her shift at 5:00 AM. Every month Plaintiff worked two weeks of 5 days with a total of 42.5 working hours and two weeks of 6 days with a total of 51 working hours.

80. Plaintiff regularly worked more than 40 hours per week.  However, due to the misclassification, Plaintiff and the FLSA Collective Class Members did not receive any compensation whatsoever for any hours worked at the club, in violation of the FLSA.

81. Defendants failed to pay Plaintiff and the FLSA Collective Class Members minimum wages and overtime hours. Plaintiff and the FLSA Collective Class Members were compensated exclusively by tips from BT'S Gentlemen's Club's customers.

82. Furthermore, to aggravate Defendants' FLSA violation, BT'S Gentlemen's Club, Gregg Berger, and Mike Berger actually forced Plaintiff and the FLSA Collective Class Members to pay BT'S Gentlemen's Club to perform their work.

83. For example, Defendants required Plaintiff and the FLSA Collective Class Members to pay $45.00 daily of "house fees."  Plaintiff and the FLSA Collective Class Members had to tip out certain employees at the end of their shift, including but not limited to managers, house

moms, bouncers, DJ, etc.  Plaintiff suffered a deduction of approximately $906.00 in weeks of 6 days of work and $755.00 in weeks of 5 days of work.

84. Plaintiff did not clock in and out, but she signed timesheets, and Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

85. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

86. The records, if any, concerning the number of hours worked by Plaintiff Linet D. Ferrer and all others similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

87. Defendants violated the record-keeping requirements of F.L.S.A., 29 C.F.R. Part 516.

88. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

89. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage rate.  As per FLSA Regulations, the higher minimum wage applies.

  a.  <u>Total amount of alleged unpaid wages</u>:

     Nineteen Thousand Two Hundred Sixty-Six Dollars and 00/100 ($19,266.00)

  b.  <u>Calculation of such wages</u>:

Total time of employment: 4 years
Total relevant weeks of employment: 58 weeks

**1.- Minimum wages 2018, for 43 weeks**

Total relevant weeks: 43 weeks
Total unpaid regular hours: 40 hours weekly
Minimum wage rate:  $8.25

Min. wage rate $8.25 x 40 hours = $330 weekly x 43 weeks= $14,190.00

**2.- Minimum wages 2019, for 15 weeks**

Total relevant weeks: 15 weeks
Total unpaid regular hours: 40 hours weekly
Minimum wage rate:  $8.46

Min. wage rate $8.46 x 40 hours = $338.40 weekly x 15 weeks= $5,076.00

Total # 1, and # 2: $19,266.00

c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage rate.

90. At all times Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger willfully and intentionally refused to pay Plaintiff and other similarly situated individuals minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

91. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger knew and showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

92. At times mentioned, individual Defendants Gregg Berger and Mike Berger were the owners/partners, and managers of BT'S Gentlemen's Club. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. The individual Defendants acted directly in the interests of BT'S Gentlemen's Club concerning its employees, including Plaintiff and others similarly situated. Defendants Gregg Berger and Mike Berger had financial and operational control of the corporation, determined terms, working conditions of Plaintiff and other similarly situated employees. Defendants Gregg Berger and Mike Berger are jointly and severally liable for Plaintiff's damages.

93. Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger willfully and intentionally refused to pay Plaintiff and other similarly situated individuals minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

94. Plaintiff Linet D. Ferrer for herself and on behalf of other similarly situated individuals has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Linet D. Ferrer and those similarly situated respectfully request that this Honorable Court:

A. An order conditionally certifying this action as a collective action.

B. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful.

C.  Requiring Defendant to provide the names and current (or best known) mailing and e-mail address of all similarly situated individuals.

D.  Authorizing Notice of this collective action, or that the Court issue such Notice to all similarly situated individuals informing them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

E.  Enter judgment for Plaintiff Linet D. Ferrer and against the Defendants BT'S Gentlemen's Club, Gregg Berger, and Mike Berger based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

F.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

G.  Award Plaintiff an equal amount in double damages/liquidated damages; and

H.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

I.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff Linet D. Ferrer and those similarly situated demand trial by a jury of all issues triable as

of right by a jury.

Dated:  March 09, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff and the Putative*
*FLSA Collective Class Members*