UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-20929-CIV-MARTINEZ-BECERRA

LINET D. FERRER,

      Plaintiff,

v.

T K PROMOTIONS, INC.,
d/b/a BT'S GENTLEMEN'S CLUB,
and GREGG BERGER, individually,

      Defendants,

_____/

## **<u>JOINT JURY INSTRUCTIONS</u>**

     Plaintiff and Defendants, by and through their respective undersigned counsel, pursuant to Local Rule 16.1 of the Southern District of Florida and Federal Rules of Civil Procedure 51, hereby submit their Proposed Jury Instructions and Verdict Form. ANY PROPOSED INTRUCTIONS BELOW OFFERED ONLY BY THE PLAINTIFF ARE NOTED IN ITALICS. ANY PROPOSED INTRUCTIONS BELOW OFFERED ONLY BY THE DEFENDANTS ARE IN BOLD.

## JURY INSTRUCTION No. 1
## TO BE GIVEN AT THE BEGINNING OF THE CASE

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. This case involves claims for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act, also known as the FLSA, as well as the Florida Minimum Wage Act.  To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, LINET FERRER, claims the Defendants, TK PROMOTIONS, INC. and GREGG BERGER, were her employers during the relevant time period.  Plaintiff LINET FERRER claims Defendants misclassified her as an independent contractor, and that as a result thereof, Defendants failed to pay her minimum wages and overtime wages for all hours worked by Plaintiff LINET FERRER.  Defendants TK PROMOTIONS, INC. and GREGG BERGER, deny those claims and contend that Plaintiff worked for TK PROMOTIONS, INC. only as a server and that she was paid for all hours worked as required by law.

Burden of proof:

Plaintiff LINET FERRER has the burden of proving her case by what the law calls a "preponderance of the evidence." That means LINET FERRER must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring LINET FERRER and the evidence favoring TK

PROMOTIONS, INC. and GREGG BERGER on opposite sides of balancing scales, LINET FERRER needs to make the scales tip to her side. If LINET FERRER fails to meet this burden, you must find in favor of TK PROMOTIONS, INC. and GREGG BERGER.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me

and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, LINET FERRER will present her witnesses and ask them questions. After LINET FERRER questions the witness, TK PROMOTIONS, INC. and GREGG BERGER may ask the witness questions – this is called "cross-examining" the witness. Then TK PROMOTIONS, INC. and GREGG BERGER will present

their witnesses, and LINET FERRER may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 1.1. Amended 2/27/20

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 2

### Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English translation provided and disregard any different meaning.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 1.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 3

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 1.4.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 4

### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 1.5.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 5

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 2.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 6

### Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr. Palma and Mr. Amit are going to make short statements. Please remember that the statements you are about to hear – like all statements by the lawyers – are Mr. Palma and Mr. Amit's view of the evidence or of what they anticipate the evidence will be, but aren't itself evidence.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 2.4 (modified to plural).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 7

### Judicial Notice

*The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.*

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 2.5.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY ISTRUCTION No. 8

### Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 2.6.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**JURY INSTRUCTION No. 9**
**Introduction**
**TO BE GIVEN AT THE END OF THE CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 21-20929-CIV-MARTINEZ-BECERRA

LINET D. FERRER,

      Plaintiff,

v.

T K PROMOTIONS, INC.,
d/b/a BT'S GENTLEMEN'S CLUB,
and GREGG BERGER, individually,

      Defendants,

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 10

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.2.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 11

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel;

## Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 12
## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.4.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 13

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## JURY INSTRUCTION No. 14

### Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff LINET FERRER to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's, LINET FERRER's, claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff LINET FERRER.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's, LINET FERRER's, claim by a preponderance of the evidence, you should find for the Defendants, TK PROMOTIONS, INC. and GREGG BERGER as to that claim.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 15**

**Fair Labor Standards Act–29 U.S.C. §§ 201 et seq.–Minimum Wage Violation**

In this case, LINET FERRER claims that her employers TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER, did not pay LINET FERRER the minimum wage required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on her claim against TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER, LINET FERRER must prove each of the following facts by a preponderance of the evidence:

First: LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER and was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to pay LINET FERRER the minimum wage required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, the Parties have already stipulated that LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB, and that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB is an

*enterprise engaged in commerce. Because of the stipulation you should consider it established that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB employed LINET FERRER. You should further consider it established that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB is an enterprise engaged in commerce. Accordingly, you should consider the first element established as to Defendant TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB.*

*Nevertheless, with regards to the individual Defendant, GREGG BERGER, LINET FERRER must prove by a preponderance of the evidence that Defendant GREGG BERGER was also her employer.*

*Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $8.25 per hour.*

*The amount of damages is the difference between the amount LINET FERRER should have been paid and the amount she was actually paid.  In this case, Plaintiff LINET FERRER was not paid any minimum wages nor any overtime wages. Defendants TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER's position is that LINET FERRER was an independent contractor, and as such, she was not entitled to receive minimum wages nor overtime compensation.*

*LINET FERRER is entitled to recover lost wages from the date of your verdict back to no more than two years before she filed this lawsuit – March 9th, 2021 -*

*unless you find that the employers either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the employers knew or showed reckless disregard for whether the FLSA prohibited their conduct, then LINET FERRER is entitled to recover lost wages from date of your verdict back to no more than three years before she filed this lawsuit.*

*Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, LINET FERRER claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to keep and maintain adequate records of her hours and pay. LINET FERRER also claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER's failure to keep and maintain adequate records has made it difficult for LINET FERRER to prove the exact amount of her claims.*

*If you find that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to keep adequate time and pay records for LINET FERRER and that LINET FERRER performed work for which she should have been paid, LINET FERRER may recover a reasonable estimation of the amount of her damages. But to recover this amount, LINET FERRER must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.*

*Individual Liability: An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor.  LINET FERRER must prove that GREGG BERGER had operational control over TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB.  In other words, GREGG BERGER must have controlled significant aspects of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB's day-to-day functions, including employee compensation, or had direct responsibility for the supervision of LINET FERRER.*

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

*1. That LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER, and was employed by an enterprise engaged in commerce or in the production of commercial goods?*

*Answer Yes or No* _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

2. *That TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to pay LINET FERRER the minimum wage required by law?*

*Answer Yes or No* _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

3. *That TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER knew or showed reckless disregard for whether the FLSA prohibited its conduct?*

*Answer Yes or No* _____

4. *That LINET FERRER should be awarded damages?*

*Answer Yes or No* _____

*If your answer is "Yes," in what amount?* $_____

*So Say We All.*

_____
*Foreperson's Signature*

*Date:* _____

*Authority: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14.*

*Amended 10/4/21*

*GIVEN:*

*GIVEN AS MODIFIED:*

*WITHDRAWN:*

*REFUSED:*

**PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 16**

**Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq. – Overtime Violations**

In this case, LINET FERRER claims that her employers TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER did not pay LINET FERRER the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on her claim against TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER, LINET FERRER must prove each of the following facts by a preponderance of the evidence:

First: LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER and employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to pay LINET FERRER the overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, the Parties have already stipulated that LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB, and that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB is an enterprise engaged in commerce. Because of the stipulation you should consider it

established that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB employed LINET FERRER. You should further consider it established that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB is an enterprise engaged in commerce. Accordingly, you should consider the first element established as to Defendant TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB.

Nevertheless, with regards to the individual Defendant, GREGG BERGER, LINET FERRER must prove by a preponderance of the evidence that Defendant GREGG BERGER was also her employer.

Overtime claim: The FLSA requires employers to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer(s) must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

In this case, Plaintiff LINET FERRER was not paid any minimum wages nor any overtime wages. Defendants TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER's position is that LINET FERRER was an independent contractor, and as such, she was not entitled to receive minimum wages nor overtime compensation.

*The amount of damages is the difference between the amount LINET FERRER should have been paid in overtime and the amount she was actually paid. LINET FERRER is entitled to recover lost wages from the date of your verdict back to no more than two years before she filed this lawsuit – March 9, 2021 - unless you find that the employers either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the employers knew or showed reckless disregard for whether the FLSA prohibited their conduct, then LINET FERRER is entitled to recover lost wages from date of your verdict back to no more than three years before she filed this lawsuit.*

*Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, LINET FERRER claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to keep and maintain adequate records of her hours and pay. LINET FERRER also claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER's failure to keep and maintain adequate records has made it difficult for LINET FERRER to prove the exact amount of her claim.*

*If you find that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to keep adequate time and pay records for LINET FERRER and that LINET FERRER performed work for which she should have been*

paid, LINET FERRER may recover a reasonable estimation of the amount of her damages. But to recover this amount, LINET FERRER must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

Individual Liability: An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor.  LINET FERRER must prove that GREGG BERGET had operational control over TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB. In other words, GREGG BERGER must have controlled significant aspects of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB's day-to-day functions, including employee compensation, or had direct responsibility for the supervision of LINET FERRER.

### SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER, and was employed by an enterprise engaged in commerce or in the production of commercial goods?

Answer Yes or No        _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

*2.That TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to pay LINET FERRER the overtime pay required by law?*

*Answer Yes or No* _____

*If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.*

*3. That TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER knew or showed reckless disregard for whether the FLSA prohibited its conduct?*

*Answer Yes or No* _____

*4. That LINET FERRER should be awarded damages?*

*Answer Yes or No* _____

*If your answer is "Yes,"
in what amount?* $_____

*SO SAY WE ALL.*

_____
*Foreperson's Signature*

*DATE:* _____

**Authority***: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14.*

*Amended 10/4/21*

*GIVEN:*

*GIVEN AS MODIFIED:*

*WITHDRAWN:*

*REFUSED:*

**PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 17**

**Florida Minimum Wage Act - MINIMUM WAGE VIOLATION, FEDERAL**

**PATTERN JURY INSTRUCTION, 11ᵀᴴ CIRCUIT**

*In this case, LINET FERRER also claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER did not pay LINET FERRER the minimum wage required by the Florida Minimum Wage Act, also known as the FMWA. To succeed on her claim against TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER, LINET FERRER must prove each of the following facts by the preponderance of the evidence:*

> *First: LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER and was employed by an enterprise engaged in commerce or in the production of goods for commerce]; and*

> *Second: TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to pay, LINET FERRER the minimum wage required by law.*

*For the first element, the Parties have already stipulated that LINET FERRER was an employee of TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB, and that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB is an enterprise engaged in commerce. Because of the stipulation you should consider it*

established that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB employed LINET FERRER. You should further consider it established that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB is an enterprise engaged in commerce. Accordingly, you should consider the first element established as to Defendant TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB.

Nevertheless, with regards to the individual Defendant, GREGG BERGER, LINET FERRER must prove by a preponderance of the evidence that Defendant GREGG BERGER was also her employer.

<u>Minimum wage claim</u>: The minimum wage required by the during the relevant time period involved in this case was FLSA during the period involved in this case was $8.05 per hour in 2016; $8.10 per hour in 2017, and $8.25 per hour in 2018.

The amount of damages is the difference between the amount LINET FERRER should have been paid and the amount she was actually paid. LINET FERRER is entitled to recover lost wages from the date of your verdict back to no more four (4) years before she filed this lawsuit on March 9, 2021 – unless you find that the employers either knew or showed reckless disregard for whether the FMWA prohibited its conduct. If you find that the employers knew or showed reckless disregard for whether the FMWA prohibited its conduct, then LINET FERRER is entitled to recover lost wages from date of your verdict back to no more than five (5)

years before she filed this lawsuit on March 9, 2021, back to back to March 9, 2016, until July 17, 2018.

**Inadequate Records**: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, LINET FERRER claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to keep and maintain adequate records of hours and pay. LINET FERRER also claims that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER's failure to keep and maintain adequate records has made it difficult for LINET FERRER to prove the exact amount of her claims. If you find that TK PROMOTIONS, INC., d/b/a BT'S GENTLEMEN'S CLUB and GREGG BERGER failed to keep adequate time and pay records for LINET FERRER and that LINET FERRER performed work for which she should have been paid, LINET FERRER may recover a reasonable estimation of the amount of her damages. But to recover this amount, LINET FERRER must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

**Authority**: Eleventh Circuit Pattern Jury Instructions 4.14, Fair Labor Standards Act, Modified to apply to the FMWA; F.S. 95.11, (2)(d); (4)(2) (Four years for minimum wage violations; five year limitations period for willful violations).

*GIVEN AS REQUESTED*          _____

*GIVEN AS MODIFIED*          _____

*REFUSED*          _____

*WITHDRAWN*          _____

**DEFENDANTS' PROPOSED JURY INSTRUCTION No. 15**
**Fair Labor Standards Act–29 U.S.C. §§ 201 et seq.**

In this case, LINET D. FERRER claims that T K PROMOTIONS, INC. and GREGG BERGER did not pay her the overtime wages and minimum wages required by the federal Fair Labor Standards Act, also known as the FLSA and by the Florida Minimum Wage Act, also known as the FMWA. To succeed on her claim against Defendants, Plaintiff, must prove each of the following facts by a preponderance of the evidence:

First: That LINET D. FERRER was employed by the Defendants, T K PROMOTIONS, INC. and GREGG BERGER, and was engaged in commerce or was employed by an enterprise engaged in commerce; and

Second: That the Defendants, T K PROMOTIONS, INC. and GREGG BERGER, failed to pay LINET D. FERRER overtime or minimum wages as required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With respect to the first fact, the parties have stipulated or agreed that LINET D. FERRER was employed by T K PROMOTIONS, INC. as a server and that she is not owed any overtime or minimum wages for her time as a server. The parties also have stipulated that T K PROMOTIONS, INC. was an

enterprise engaged in commerce during the relevant year – and you should consider these facts established.

Accordingly, the facts that you need to decide are whether or not LINET D. FERRER worked for T K PROMOTIONS, INC. in any position other than a server, whether LINET D. FERRER worked more than forty (40) hours per week for the Defendants in any week, whether or not the Defendants failed to pay LINET D. FERRER overtime or minimum wages, and whether or not GREGG BERGER was LINET D. FERRER employer in his individual capacity.

Overtime rate (if any) for hours over forty (40) worked in any workweek (if any) for employees employed on an hourly basis is calculated at time and one half their "regular rate" (if any).

The minimum wage required by law during the relevant time period involved in this case was $8.05 per hour in 2016; $8.10 per hour in 2017, and $8.25 per hour in 2018.

The amount of damages (if any) is the difference between the amount LINET FERRER should have been paid and the amount she was actually paid.

If you find that LINET D. FERRER proved her claim for overtime, LINET D. FERRER is entitled to recover overtime wages from the date of your

verdict back to no more than two (2) years before she filed this lawsuit on March 9, 2021 until July 17, 2018 – unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then LINET FERRER is entitled to recover lost wages from date of your verdict back to no more than three (3) years before she filed this lawsuit on March 9, 2021, back to March 9, 2018 until July 17, 2018.

If you find that LINET D. FERRER proved her claim for unpaid minimum wages, LINET D. FERRER is entitled to recover minimum wages from the date of your verdict back to no more four (4) years before she filed this lawsuit on March 9, 2021 until July 17, 2018 – unless you find that the employer either knew or showed reckless disregard for whether the FMWA and FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FMWA and FLSA prohibited its conduct, then LINET FERRER is entitled to recover lost wages from date of your verdict back to no more than five (5) years before she filed this lawsuit on March 9, 2021, back to March 9, 2016, until July 17, 2018.

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, LINET D. FERRER

claims that T K PROMOTIONS, INC. failed to keep and maintain adequate records of her hours and pay. LINET D. FERRER also claims that T K PROMOTIONS, INC.'s failure to keep and maintain adequate records has made it difficult for LINET D. FERRRER to prove the exact amount of her claim.

If you find that T K PROMOTIONS, INC. failed to keep adequate time and pay records for LINET D. FERRER and that LINET D. FERRER performed work for which she should have been paid, LINET D. FERRER may recover a reasonable estimation of the amount of her damages. But to recover this amount, LINET D. FERRER must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

*Authority: Eleventh Circuit Pattern Jury Instructions 4.14, Fair Labor Standards Act, Modified to apply to the FMWA; F.S. 95.11, (2)(d); (4)(2) (Four years for minimum wage violations; five year limitations period for willful violations).*

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16
### "WORK" DEFINED

**"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business. Permitting an employee to engage in an activity is considered "work" under the FLSA.**

*Authority*: *Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17

## "SUFFER OR PERMIT TO WORK" DEFINED

To "suffer or permit to work" an employer must have knowledge of the work being performed.


**Authority**: *Anglin v. Maxim Healthcare Servs., 2009 U.S. Dist. LEXIS 70155, \*7 (M.D. Fla. July 22, 2009); Fox v. Summit King Mines, 143 F.2d 926, 932 (9th Cir. 1944)*

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

### Individual Liability

The Fair Labor Standards Act defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." However, an individual cannot be held individually liable for violating the overtime provision of the FLSA unless he is an 'employer' within the meaning of the Act. In order to qualify as an employer for this purpose, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee. Having the ability to control day-to-day operations with respect to employees is not sufficient; the individual need to actually exercise such control in order to be liable.

**Authority**: *29 U.S.C. §203(d)*. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. Fla. 2008) (citing 29 U.S.C. §207(a)(1); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984)); *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986); *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 262-263 (8th Cir. 1963)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PLAINTIFF'S JURY INSTRUCTION No. 18

## OPERATIONAL CONTROL BY A CORPORATE OFFICER

*Operational control by a Corporate Officer over a corporation's covered enterprise makes both the owner and the corporation jointly and severally liable for overtime wages under the Fair Labor Standards Act.*

Authority: Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991).

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

## PLAINTIFF'S JURY INSTRUCTION No. 19

## RIGHTS TO MINIMUM WAGE/OVERTIME NON-WAIVABLE

*An individual employee's rights for wages under the Fair Labor Standards*

*Act cannot be abridged by contract or otherwise waived by the employee.*

**Authority**: *Deeds v. Hydradry, Inc.*, 706 F.Supp.2d 1227 (M.D. Fla. 2010)

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

## JURY INSTRUCTION No. 20

### Definition of Hours Worked

"Hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed.

**Authority**: *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 598 (1946)

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

## PLAINTIFF'S JURY INSTRUCTION No. 21

### Individual Liability

The FLSA creates a private right of action against any "employer" who violates its minimum-wage provisions. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works" as well as "any person acting directly or indirectly in the interests of an employer in relation to an employee"". A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. However, personal liability is not limited to a corporation's officers as long as they meet the definition of "employer" under the FLSA.

**Authority**: *Lamonica v. Safe Hurricane Shutters* (11th Cir. 2013); *Josendis v. Wall to Wall Residence Repairs, Inc*. 662 F.3d 1292, 1298 (11th Cir. 2011); *Patel v. Wargo,* 803 F.2d 632, 637–38 (11th Cir. 1986).

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

**PLAINTIFF'S JURY INSTRUCTION No. 22**

**DEGREE AND TYPE OF OPERATIONAL CONTROL THAT WILL**

**SUPPORT INDIVIDUAL LIABILITY UNDER THE FLSA**

*The FLSA imposes individual liability upon those employees who "control[] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA". A supervisor's ownership interest in the corporation and control over the corporation's day-to-day functions are relevant to this inquiry of operational control because they are indicative of the supervisor's role in causing the violation. In order to qualify as an employer under the FLSA, a supervisor "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee". The relevant control for purposes of individual liability is control in relation to the employee-plaintiff. However, such control need not be proved directly. For example, the jury may infer such control from the exercise of general supervisory powers or the exercise of control over other employees.*

*Also, to be involved in the "day-to-day" operations of a company, a supervisor does not need to be present at the company every day, he or she could be present only on a part time basis and run the "day-to-day" operations on an intermittent basis. It is possible for a supervisor to exercise enough control to play a substantial role in causing the violation while working only part-time. However,*

*to support individual liability, there must be control over "significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." In other words, while control need not be continuous, it must be both substantial and related to the company's FLSA obligations.*

**Authority**: *Lamonica v. Safe Hurricane Shutters* (11th Cir. 2013); *Alvarez Perez*,515 F.3d at 1160 (quoting *Wargo,* 803 F.2d at 638).

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

## JURY INSTRUCTION No. 23

### Employee or Independent Contractor

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: Was LINET FERRER an employee of TK PROMOTIONS, INC. and GREGG BERGER, or was LINET FERRER an independent contractor? You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case:

(a) Who controls LINET FERRER's work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

(b) How is LINET FERRER paid? An employer usually pays an employee on a time worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

(c) How much risk or opportunity does LINET FERRER have? An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

(d) Who provides LINET FERRER's tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job – but an employee usually does not.

(e) How does LINET FERRER offer services? Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

(f) What is the parties' intent? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling – substance governs over form.

You should consider all the circumstances surrounding the work relationship – no single factor determines the outcome. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.24.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PLAINTIFFS' JURY INSTRUCTION No. 24

### Employee or Independent Contractor

*The law defines "employ" as "to suffer or permit to work". An entity "suffers or permits" an individual to work if, as a matter of economic reality, the individual is dependent on the entity. Thus, the touchstone of "economic reality" in analyzing an employee/employer relationship for purposes of the FLSA is dependency. An employer cannot classify a worker as an independent contractor by simply having him/her sign an Independent Contractor Agreement or calling him an "independent contractor". Therefore, the fact that a party signs an "Independent Contractor Agreement" does not determine whether they are employees or not. Rather the determination depends on all of the six factors of the economic reality test of the entire relationship with no one factor being decisive. Even if a party signed a document that suggests that he is an independent contractor, that party may still be an employee. The fact that a business may not have had the intention to create an employment relationship is irrelevant.*

*It is well-settled that an employer cannot saddle a worker with the status of independent contractor, thereby relieving itself of its duties under Fair Labor Standards Act, by granting him some legal powers where the economic reality is that the worker is not and never has been independently in the business which the*

*employer would have him operate. Persons are often found to be "employees" although they possess attributes common to independent contractors.*

**Authority**: Powell v. Carey Intern., Inc.,514 F. Supp. 2d 1302, 1320 (S.D. Fla. 2007); Andrea Vargas Rodilla, et al., v. TFC-RB, LLC, et al., 2009 WL 3720892 (S.D. Fla.2009); Santelices v. Cable Wiring, 147 F.Supp.2d 1313, 1318 (S.D.Fla.2001)); Mednick v. Albert Enterprises, Inc., 508 F.2d 297 (5th Cir.1975).

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

## JURY INSTRUCTION No. 25

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.8.1.

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED:

## JURY INSTRUCTION No. 26

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority**: 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.9.

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED: