**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-CV-20929-JB

LINET D. FERRER, for herself and
other similarly situated individuals,

    Plaintiff,

vs.

TK PROMOTIONS, INC., d/b/a BT'S
GENTLEMEN'S CLUB, and GREGG
BERGER, individually,

    Defendants.

_____/

**OMNIBUS ORDER GRANTING IN PART
PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** came before the Court on Plaintiff Linet D. Ferrer's Verified Motion for Award of Attorney's Fees of Litigation and Motion for Bill of Costs. ECF Nos. [97], [100]. Defendants TK Promotions and Gregg Berger filed Responses in Opposition to both Motions, ECF Nos. [102], [107], and Plaintiff filed a Reply. ECF No. [108]. The Parties also appeared before the undersigned for oral argument (the "Hearing"). ECF No. [112]. Upon due consideration of the Motions, the pertinent portions of the record, argument of counsel, and the relevant legal authorities, and for the reasons stated at the Hearing and more fully explained below, it was hereby **ORDERED** that Plaintiff's Motions are **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall be awarded $90,145.25 in attorney's fees and $2,952.48 in costs, for a total of $93,097.73.

1

I. **BACKGROUND**

On March 9, 2021, Plaintiff brought this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), seeking to assert a collective action against Defendants TK Promotions, Inc. d/b/a BT's Gentlemen's Club, Gregg Berger and Mike Berger. ECF No. [1]. Plaintiff alleged that Defendants intentionally misclassified her and other similarly situated individuals as independent contractors to avoid paying the mandatory overtime and minimum wage amounts required by the FLSA. Plaintiff asserted two counts in her Complaint: Count I for willful failure to pay overtime compensation under the FLSA, and Count II for willful failure to pay minimum wages under the FLSA. *Id.* at 11-22. Plaintiff sought (i) an order conditionally certifying this lawsuit as a collective action, (ii) a declaratory judgment that Defendants' practices were unlawful, and (iii) a money judgment awarding Plaintiff her actual damages plus liquidated damages, as well as her costs and reasonable attorneys' fees. *Id.* at 16-17, 22-23.

Defendants TK Promotions, Inc. and Gregg Berger timely filed their Answer and Affirmative Defenses. ECF No. [5]. Among other things, these Defendants admitted that TK Promotions employed Plaintiff as a server, but not during the time period alleged in the Complaint, and denied that Plaintiff was employed as an exotic dancer. *Id.* at ¶¶ 19, 27. Defendants also stated that they were not aware of an individual named Mike Berger. *Id.* at ¶ 19. Plaintiff thereafter successfully obtained leave to file an amended complaint. ECF Nos. [9], [13].

In her First Amended Complaint, Plaintiff sought to assert a "collective/class action" against Defendants TK Promotions, Inc. and Gregg Berger, but did not name Mike Berger who was subsequently terminated from the case. ECF No. [15]. Plaintiff alleged that Defendants violated the FLSA and the Florida Minimum Wage Act by misclassifying her and other similarly situated individuals as independent contractors. The First Amended Complaint revised the alleged

time periods of Plaintiff's employment as an exotic dancer and asserted two claims: Count I for willful failure to pay overtime compensation under the FLSA and Count II for willful failure to pay minimum wages under the Florida Minimum Wage Act ("FMWA"). *Id*. at 16-26. With respect to Count I, Plaintiff sought (i) an order conditionally certifying this action as a collective action, (ii) a declaratory judgment that Defendants' practices are unlawful, and (iii) a money judgment awarding Plaintiff her actual damages, liquidated damages, costs and reasonable attorneys' fees. *Id*. at 21-22. With respect to Count II, Plaintiff sought an order certifying this action as a class action and a money judgment in the amount of Plaintiff's actual damages, all misappropriated tips or funds labeled as fees, liquidated damages, reasonable attorneys' fees and costs. *Id*. at 26-27.

Defendants filed a Motion to Dismiss the First Amended Complaint which, after full briefing, was denied. ECF Nos. [19], [24], [27], [44]. The parties engaged in discovery and an unsuccessful mediation. Prior to trial, Defendants filed an Agreed Motion to Strike References to Collective Action and/or Class Action, as well as a Motion in Limine. ECF Nos. [46], [49]. The Court granted the Agreed Motion to Strike References to Collective Action and/or Class Action, and granted Defendants' Motion in Limine without prejudice. ECF Nos. [64], [69].

Beginning on September 30, 2022, a three-day jury trial was held. ECF Nos. [79], [82], [85]. On October 4, 2022, the jury entered a verdict in Plaintiff's favor and awarded her unpaid minimum wages of $38, 952.00 and unpaid overtime compensation of $9,494.00. ECF No. [91]. The jury also found that Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA or FMWA. *Id*. Thereafter, Plaintiff filed an Unopposed Motion to Liquidate Damages and for Agreed Remittitur of Damages. ECF No. [93]. The Parties agreed that Plaintiff's minimum wage damages should be reduced to $35,664.00 and her overtime

damages reduced to $750.00 to conform to the evidence presented at trial. *Id*. The Parties further agreed that Plaintiff's damages should be liquidated, or doubled, because the jury found that the minimum wage and overtime violations were willful. *Id*. Accordingly, the Court entered final judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $72,828.80. ECF No. [96]. The Court also reserved jurisdiction to adjudicate all post-trial motions, including motions for attorneys' fees and costs. *Id*. at 2.

## II.   INSTANT MOTIONS

Plaintiff timely filed a Verified Motion for Award of Attorneys' Fees and a Motion for Entry of Costs. ECF Nos. [97], [100]. Plaintiff argues that she is entitled to attorneys' fees as a prevailing party under the FLSA, and is entitled to costs as a prevailing party under Federal Rule of Civil Procedure 54. ECF No. [100]. Plaintiff seeks $130,266.50 in attorneys' fees based upon 96.93 hours incurred by Eddy O. Marban, Esq. at an hourly rate of $500.00, and 185.41 hours incurred by Zandro E. Palma, Esq. at an hourly rate of $400.00 for "professional services" and $475.00 for "in court time." ECF Nos. [100-2], [100-3]. The fees requested by Mr. Palma also include time spent by two of his paralegals at a rate of $150.00 per hour. ECF No. [100-3]. Plaintiff contends that the hourly rates of her attorneys' and their paralegals are reasonable, and the hours expended by them were reasonable and necessary to prosecute Plaintiff's claims. Plaintiff similarly argues that the costs she seeks, which total $4,578.05, are reasonable. ECF No. [97]. These costs consist of (i) $582.00 for service of process fees and the filing fee, (ii) $1,285.50 for deposition transcripts, (iii) 450.56 for copy costs, (iv) $1,585.00 for interpreter fees and (v) $675.00 for a mediation fee.

Defendants filed Oppositions to both Motions. ECF No. [102], [107]. Defendants do not challenge Plaintiff's entitlement to attorneys' fees and costs, but argue that certain amounts sought

4

are unreasonable. In particular, Defendants contend that the hourly rates of Mr. Marban and Mr. Palma should be reduced to $375.00 and the hourly rates of Mr. Palma's paralegals should be reduced to $100.00 for Sabrina Velez and $125.00 for Jaime Palma Jr. *Id*. at 5-9. Defendants also argue that the number of hours expended by Mr. Marban and Mr. Palma should be reduced to exclude time entries for work that is either excessive, duplicative, clerical, unnecessary or vaguely described. *Id*. at 12-14; *see also* ECF No. [107-3].

With respect to costs, Defendants contend that the amount recoverable should be reduced to $2,428.50. ECF No. [102] at 7. Specifically, Defendants argue that the copy costs requested are excessive because certain copies were made for the convenience of counsel and the rate charged should be reduced to 10¢ per page. *Id*. at 3-4. Defendants also argue that the service of process fee for Mike Berger should be excluded, as should the fee for serving Gregg Berger at an additional address. *Id*. at 4-5. Defendants further assert that the deposition costs requested include unrecoverable charges, and the cost of mediation is not compensable. *Id*. at 5-6. Finally, Defendants argue that the interpreter fees should be reduced to the federal rate. *Id*. at 7.

Plaintiff filed a Reply in support of her Verified Motion for Attorneys' Fees. ECF No. [108]. Plaintiff reiterated that the hourly rates sought are reasonable. *Id*. at 2-3. Plaintiff also agreed that the time spent by paralegal Jaime Palma in court is not compensable, and agreed to exclude a total of 23.4 hours from the hours requested by Mr. Zandro Palma. *Id*. at 2-3.

III. ANALYSIS

  A. Entitlement to Fees and Costs

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Thus, fee awards are mandatory for prevailing

plaintiffs in FLSA cases." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007) (citing *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985)). In addition, under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless otherwise directed by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)). A presumption exists in favor of awarding costs. *Id.* However, a court may only award a prevailing party the costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). As mentioned, the Parties do not dispute that Plaintiff is the prevailing party. Accordingly, Plaintiff is entitled to an award of attorneys' fees and costs.

### B. Reasonableness of Attorneys' Fees

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.*; *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Norman*, 836 F.2d at 1303. The burden of establishing that the request for attorneys' fees is reasonable rests with the applicant, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *Id*. Evidence in support of the applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Id*. The party seeking attorneys' fees must supply the Court with "'specific and detailed evidence' in an

organized fashion." *Machado v. Da Vittorio, LLC*, No. 1:09-cv-23069, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

### 1. The Hourly Rates

A "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In evaluating the reasonableness of a fee request, the Court may consider its own knowledge and expertise to determine a reasonable hourly rate. *See Norman*, 836 F.2d at 1303 (11th Cir. 1988). The Eleventh Circuit has repeatedly recognized that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] …and may form an independent judgment either with or without the aid of witnesses as to value." *Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Plaintiff's counsel Mr. Marban requests an hourly rate of $500.00 and Mr. Palma requests an hourly rate of $400.00.[1] Mr. Marban stated that he has thirty-eight years' experience with a specialization in employment litigation and has litigated hundreds of FLSA and FMWA cases. ECF No. [100] at 8. Mr. Marban also submitted a copy of an Order entered by a Florida state court in 2016 awarding him an hourly rate of $500.00 following an extensive evidentiary hearing on the issue of attorneys' fees. ECF Nos. [100-4], [108] at 2. However, at the Hearing, Mr. Marban conceded that a federal court has not yet awarded him $500.00 per hour in an FLSA case.

As for Mr. Palma, he attests that he has been a practicing attorney for more than sixteen years, and the primary focus of his practice has been labor and employment law. ECF No. [100-

---

[1] At the Hearing, Mr. Palma agreed that he is not entitled to recover the time he spent during the trial. Thus, Mr. Palma's requested hourly rate of $425.00 for "in court time" is not applicable.

3] at ¶ 5. Mr. Palma also avers that he practices in both state and federal courts, and has litigated and tried cases involving employees' rights under the FLSA, among other employment-related laws. *Id*. at ¶ 6. Mr. Palma further states that he accepted this case on a contingency fee basis, and given the time and resources he necessarily expended prosecuting Plaintiff's claims, he was precluded from accepting and working on other cases. *Id*. at ¶ 9.

Based on the Court's review of Plaintiff's counsel's experience in comparison to the reasonable rates in this District, as well as the undersigned's own familiarity with the rates charged by attorneys of comparable skill in FLSA cases, and for the reasons stated at the Hearing which are incorporated herein, the undersigned finds that $425.00 per hour is a reasonable rate for Mr. Marban, and $400.00 per hour is a reasonable rate for Mr. Palma.[2] *See e.g., Maldonado v. Green Explosion, Inc.*, No. 21-21024-CV, 2022 WL 1025102, at *4 (S.D. Fla. March 1, 2022) (finding that $450.00 per hour was a reasonable hourly rate for FLSA attorney with more than twenty years' experience); *Cespedes v. Dynamic Contracting Services Corp.*, No. 18-22992-CIV, 2019 WL 13066870, at *2 (S.D. Fla. March 28, 2019) (finding that $400.00 per hour was a reasonable hourly rate for Mr. Marban); *Watts v. Club Madonna, Inc.*, No. 17-cv-24666, 2019 WL 2271947, at *2 (S.D. Fla. Feb. 14, 2019) (finding that $400.00 per hour was a reasonable hourly rate for FLSA

---

[2] The undersigned notes that at the Hearing, the Court stated that a reasonable hourly rate for Mr. Palma *in this case* would be $375.00 based upon a statement made by Mr. Marban that Mr. Palma did not have any trial experience. However, after the Court made that finding Mr. Palma clarified and confirmed that he does have trial experience in FLSA cases. After the hearing, the undersigned conducted additional research and found that Mr. Palma has received $400.00 as his hourly rate in other similar cases. *See e.g., Onofre v. Higgins AG, LLC*, No. 8:21-cv-311-TPB-TGW, 2021 WL 6498121 at *3 (M.D. Fla. Dec. 29, 2021); *Ovalle v. Lion Pavers Construction, LLC*, No. 8:22-cv-692-KKM-AAS, 2022 WL 5250216 at *3 (M.D. Fla. Sept. 16, 2022); *Moreira v. Fast 6 of America Nationwide Services Inc.*, No. 22-cv-21578, 2022 WL 17583732, at *1 (S.D. Fla. Sept. 28, 2022). Given Mr. Palma's experience, the Court finds it reasonable to award Mr. Palma the $400.00 rate even though his role in this case was limited. Indeed, the fact that he did not handle the trial is accounted for in that he did not seek and is not being awarded any attorneys' fees for the time he spent at the trial assisting his co-counsel and client.

attorney who had approximately eleven years' experience at the time of the fee award), *report and recommendation adopted*, No. 17-cv-24666, 2019 WL 2268979 (S.D. Fla. Mar. 8, 2019); *Moreira v. Fast 6 of America Nationwide Services Inc.*, No. 22-cv-21578, 2022 WL 17583732, at *1 (S.D. Fla. Sept. 28, 2022) (finding that $400.00 per hour was a reasonable hourly rate for Mr. Palma), *report and recommendation adopted*, No. 22-cv-21578, 2022 WL 17583734 (S.D. Fla. Oct. 12, 2022); *Ovalle v. Lion Pavers Construction*, No. 8:22-cv-692, 2022 WL 5250216, at *3 (M.D. Fla. Sept. 16, 2022) (same), *report and recommendation adopted*, No. 8:22-cv-692, 2022 WL 5243130 (M.D. Fla. Oct. 6, 2022); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311-TPB-TGW, 2021 WL 6498121 at *3 (M.D. Fla. Dec. 29, 2021) (same), *report and recommendation adopted*, No. 8:21-cv-311-TPB-TGW, 2022 WL 138096 (M.D. Fla. Jan. 14, 2022).

Plaintiff also requests $150.00 per hour for work performed by a paralegal, Ms. Velez. However, Plaintiff provided no support to demonstrate that the rate requested is reasonable in this legal market. Plaintiff did explain that Ms. Velez has eleven years of paralegal experience and a master's degree in Human Resource Management. ECF No. [100] at 11. Given the lack of support for the requested rate and considering the range of paralegal rates typically awarded in this District, as well as the reasons stated at the Hearing which are incorporated herein, the undersigned finds that $125.00 per hour is a reasonable rate for time expended by Ms. Velez.[3] *See e.g., Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-cv-61268, 2019 WL 6462550 at *6 (S.D. Fla. Nov. 13, 2019) (finding $125.00 is a reasonable hourly rate for paralegal), *report and recommendation adopted*, No. 18-cv-61268, 2019 WL 6608900 (S.D. Fla. Dec. 5, 2019); *Ramirez v. Rosalia's Inc.*, No. 20-cv-23270, 20223 WL 3930726, at *4-5 (S.D. Fla. June 9, 2023) (finding $150.00 hourly

---

[3] At the Hearing, defense counsel agreed that $100.00-$125.00 is a proper hourly rate for a paralegal in this District.

rate for paralegal is reasonable after noting that the same defense attorney as in this action, Mr. Amit, charged an hourly rate of $125.00 for his paralegal, and "a review of relevant authority in this District indicates a reasonable hourly rate range of $100 to $150 for paralegals of comparable experience.").

### 2. The Amount of Hours Billed

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Mr. Palma seeks to recover for 162.01 hours expended on this action.[4] At the Hearing, in light of challenges to the reasonableness of certain hours raised by the undersigned and Defendants, Mr. Palma agreed to a further reduction, and now seeks recovery based upon 115.00 hours expended. As for Mr. Marban, he billed 96.93 hours and Ms. Velez billed 23.6 hours. At the Hearing, Defendants conceded that they do not challenge the reasonableness of the hours expended by Ms. Velez.

---

[4] Mr. Palma billed 185.41 hours but in Plaintiff's Reply, agreed to reduce that figure by 23.40 hours.

Both Mr. Palma and Mr. Marban submitted detailed time entries to support the number of hours requested. ECF Nos. [100-2], [100-3]. The undersigned has thoroughly reviewed those time entries, including the specific entries that Defendants assert are objectionable, and finds that the work that Mr. Palma performed in expending 115.00 hours, and that Mr. Marban performed in expending 96.30 hours, was reasonable.

Accordingly, Plaintiff is entitled to recover fees for 96.93 hours of Mr. Marban's time at the hourly rate of $425.00, 115.00 hours of Mr. Palma's time at the hourly rate of $400.00 and 23.60 hours of Ms. Velez's time at the hourly rate of $125.00, which together total **$90,145.25**.

### C.  The Request for Costs

Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting*, 482 U.S. at 437 (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As mentioned above, there is no dispute that Plaintiff is the prevailing party, and as such, is entitled to an award of costs. Plaintiff requests $4,578.05 in taxable costs, comprised of the filing fee, service of process fees, deposition transcript charges, copy costs, interpreter fees and a mediation fee. ECF No. [97].

11

1. **Costs for Clerk and Marshal**

Plaintiff seeks $582.00 in fees for the Clerk and Marshal. Defendants do not dispute Plaintiff's entitlement to the filing fee of $402.00 and a $40.00 fee for service of process on Gregg Berger. At the Hearing, Plaintiff agreed that a $40.00 non-service fee regarding Mike Berger is not compensable. Plaintiff's filing fee and $40.00 service of process costs are recoverable under Section 1920. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (noting that filing fees and service of process costs are recoverable under 28 U.S.C. § 1920). However, Plaintiff also seeks to recover a $100.00 service of process fee for "additional addresses" regarding Gregg Berger. ECF No. [97-2]. Plaintiff did not explain why this fee was necessary and, as such, it is not compensable. *See Mid-Continent Company v. Arpin and Sons, LLC,* No. 16-cv-21341, 2017 WL 3601363, at *4 (S.D. Fla. July 28, 2017) ("Due to Plaintiffs failure to provide sufficient evidence as to why an additional address fee in the amount of $65.00 and a locate fee in the amount of $75.00 were necessary . . . the Court finds it appropriate to deduct the unsupported $140.00 . . .")*; see also Simmons v. City of Orlando*, No. 16-cv-1909, 2018 WL 4938627, at *3 (M.D. Fla. Sept. 26, 2018). Accordingly, the undersigned finds that Plaintiff is entitled to costs in the amount of $442.00 for fees of the Clerk and Marshal.

2. **Deposition Transcripts**

Plaintiff next seeks $1,285.50 for deposition transcripts of Plaintiff and Defendant Gregg Berger. ECF No. [97] at 3. Deposition transcript costs are taxable as authorized by §1920(2), as long as the depositions were "necessarily obtained for use in the case." *W & O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). There is no dispute that the transcripts here were necessary. However, as Defendants correctly assert, the invoices for these transcripts include incidental charges that are not recoverable. In particular, Plaintiff seeks to recover charges for: B&W exhibit copy, scan, and

storage; color exhibit copy, scan, and storage; litigation support package; electronic processing/archival/delivery; and a late payment fee.[5] ECF No. [97-2] at 7-8. Courts routinely deny such costs because they are primarily for the convenience of counsel. *See Powell v. Home Depot, U.S.A., Inc.*, No. 07-80435, 2010 WL 4116488, at *10 (S.D. Fla Sept. 14, 2010) (categorizing condensed transcripts, electronic transcripts, and shipping and exhibits as 'extra services [] only for the convenience of counsel'); *Santana v. RCSH Operations, LLC*, No. 10-cv-61376, 2012 WL 3779013 at *6-7 (denying costs for condensed transcripts ASCII, litigation packages, and shipping/handling). Plaintiff did not explain the necessity of these charges nor did she respond to Defendants' objections, and the charges appear on their face to be costs incurred primarily for the convenience of counsel. Therefore, the undersigned declines to award these incidental charges, which total $206.29, and finds that Plaintiff is entitled to $1,079.20 in costs for deposition transcripts.

### 3. Photocopy Costs

Photocopying costs are taxable under Section 1920(4) if they were necessarily obtained for use in a case or the incurring party reasonably believed they were necessary for pending litigation. *W & O Inc.*, 213 F.3d at 621-22. The party requesting to tax costs must "present . . . evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Dep't of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted). Plaintiff seeks $450.56 in copying costs for (i) four sets of trial exhibit binders (103 pages x 4 sets = 412 pages), (ii) three sets of transcripts for use at trial (145 pages x 3 sets = 435 pages),[6] and (iii) two sets of exhibits for use

---

[5] At the Hearing, Plaintiff agreed that the late fee and charges for exhibit "copy, scan, and storage" are not recoverable.

[6] Plaintiff incorrectly stated the amount of these pages as "142" instead of multiplying the number of pages (145) by three, which totals 435.

at trial (16 pages x 2 = 32 pages). ECF Nos. [97] at 4-5, [97-2] at 9-10. Defendant argues that only two copies, one for Plaintiff's counsel and one for the Court, were reasonably necessary for use in the case. ECF No. [102] at 3. Further, Defendant argues that the cost per page should be 10 cents. *Id*. At the Hearing, Plaintiff agreed that a rate of 60 cents per page is not reasonable. Upon a careful review of the record and for the reasons stated at the Hearing, which are incorporated herein, the undersigned concludes that a 50% reduction in the amount of copying costs is warranted. Accordingly, Plaintiff is entitled to $225.28 in photocopying charges.

### 4. Costs for Interpreter

Plaintiff seeks $1,585.00 in interpreter fees. ECF No. [97] at 7. The plain language of 28 U.S.C. § 1920 authorizes the prevailing party to recover the cost of "compensation of interpreters." Defendant contends that the rates requested do not align with the "fee for federally certified and professionally qualified interpreters in federal courts . . ." ECF No. [102] at 7. At the Hearing, Plaintiff did not dispute that the federal interpreter rate is appropriate to use. Currently, the fee for federally certified interpreters in federal courts is $566 for a full day, $320 for a half day, and $80 per hour of overtime. *See* https://www.uscourts.gov/services-forms/federal-court-interpreters. The invoices that Plaintiff submitted reflect that an interpreter was utilized at the settlement conference for three hours (half day rate), at the first day of trial for six and a half hours (full day rate), and at the second day of trial for 4 hours (half day rate). ECF No. [97-2] at 4, 11, 12. Accordingly, the undersigned finds that Plaintiff is entitled to $1,206.00 in interpreter costs.

### 5. Cost for Mediation

Plaintiff seeks $675.00 in mediation costs. Plaintiff argues that mediation costs may be recoverable under "a category of expenses that is recognized as amounts normally being included by a lawyer in a bill for professional services." ECF No. [97] at 5. Mediation fees are not included

as taxable costs in 28 U.S.C § 1920. At the Hearing, Plaintiff acknowledged that she is unable to provide legal authority awarding mediation costs under Section 1920. Given that mediation fees are not explicitly included as taxable costs under 28 U.S.C. § 1920, and Plaintiff has not provided any supporting legal authority, the undersigned finds that Plaintiff is not entitled to recover $675.00 in mediation costs. *See Mena v. Arthur Dairy, LLC*, No. 08-cv-22585, 2009 WL 10707841 (S.D. Fla. July 31, 2009) (declining to award mediation fees under § 1920 because the court may only "tax costs as authorized by statute" and the moving party "has not provided any authority supporting its position").

In sum, the undersigned concludes that Plaintiff is entitled to taxable costs in the amount of **$2,952.48**.

## IV.    CONCLUSION

Based on the foregoing, it was hereby **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Award of Attorney's Fees of Litigation and Motion for Bill of Costs, ECF Nos. [97], [100], are both **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded $90,145.25 in attorney's fees and $2,952.48 in costs, for a total of **$93,097.73**, against Defendants, TK Promotions and Gregg Berger, jointly and severally.

**DONE AND ORDERED** in Chambers in Miami, Florida on June 29, 2023.

                                                              **JACQUELINE BECERRA**
                                                              **United States Magistrate Judge**